Where there was an honest misunderstanding between counsel in regard to making up the case on appeal, and the case had not been made up when the case was reached in this Court, the record having been docketed without a case, and counsel for the appellant supposed that there was no necessity of printing the record until the case came up, but the appellee moved to dismiss, which was allowed, It was held, a proper case to re-instate and allow the record to be printed.
The plaintiff in this case, had taken an appeal from a judgment rendered in the Superior Court of Orange County, to the October Term, 1885, of this Court, and when the case was called for argument, on motion of the defendant's counsel, the appeal was dismissed, upon the ground that the record had not been printed as required by rule 2, Sec. 11 (6) and (7).
At the close of the October Term, 1885, a motion was made by the plaintiff's counsel to reinstate the case upon the docket of this Court, and for a certiorari to the Clerk of the Superior Court of Orange, to send up a full and complete transcript of the cause, and at this Term, the motion of the plaintiff being called for argument, the plaintiff offered the affidavit of his counsel in support of his motion, the material parts of which are in substance: That he, the counsel, after the judgment in the Superior Court of Orange, in the spring of 1885, by agreement, was to make out the statement of the case, and it was his understanding, that an indefinite time was given for making out the case on appeal. But the counsel having been engaged in causes in the adjoining counties, he postponed the making up the case until summer, when owing to long continued and severe illness in his family, he was compelled to postpone it again until the fall of 1885, when he made out the statement, and served it on the opposing counsel, who refused to accept it, and endorsed upon it,"that it had not been served in the time required by the statute." This was the first intimation had by the counsel, that there was a misunderstanding in regard to the time to be allowed to make up the case. He then forwarded the statement to his Honor, Judge Shepherd, who did not return it in time for the call of the 5th district, and he did not consider, under the rules of the Court, that any part of the record should be printed, until the statement of the case was filed. That the *Page 559 
plaintiff is now ready and able to have the record printed, and asks that case be reinstated on the docket.
That a motion was made, supported by the affidavit of his (663) counsel, in November, 1885, and again on the 23d of December, 1885, to have the case reinstated, and for a certiorari to be issued to the Clerk of the Superior Court of Orange, but both affidavits had been misplaced.
The counsel for defendant filed an affidavit, in which he denied that there was any agreement as to the extension of time, and further stated that Judge Shepherd, at the close of the circuit where the case was tried, read in the hearing of the counsel of both parties, a statement of the case as made by him, but the counsel of the plaintiff refused to accept it as the statement of the case, saying he had no right to make up the case, and that rather than accept his statement, they would prefer having no statement at all. The counsel for plaintiff then presented to the defendant's counsel, the "case" as made up by them, which he refused to accept, because not made within the time prescribed by the statute.
We do not think the plaintiff is entitled to the writ of certiorari. In fact, we do not see how it could benefit him, if issued under the circumstances, and he seems to have come to the same conclusion, for his counsel, in the affidavit filed in behalf of his client, does not ask for the writ, but only that the case be reinstated.
There is some ground for this relief. There seems to have been an honest misunderstanding between the counsel of the parties, as to an agreement for the extension of time to make up the "case on appeal," and then there was an untoward miscarriage in making up the appeal, in which the plaintiff was in no fault, and when we add to this, the conclusion of his counsel, that there would be no necessity for printing the record before the statement of the case should be put on file, we think the plaintiff has offered a (664) sufficient excuse for his apparent laches, and that his case should be reinstated. And it is so ordered. Motion allowed. *Page 560